Judge Mausháli,
delivered the Opinión of the Court.
This action of debt was brought by Wall against Humphreys, for the breach of the condition of a bond executed by the defendant, prepératory to proceeding in an action of replevin against Wall for taking and detaining several negroes.
The condition of the bond, which is set forth at large in the declaration, is that the obligation shall be Void if the obligor shall prosecute his writ of replevin with effect and without'delay; and if he shall return the negroes, if a return thereof shall be adjudged. The only breach alleged is, that the obligor did not prosecute his action of replevin with effect and without delay—whereby an action hath accrued to the plaintiff to have &c. To this declaration the defendant pleaded, that he did prosecute the action of replevin with effect and without delay; and upon this issue the trial was had;
From the record of the action of replevin, which was the only evidence before the jury, it appears that, on motion of the defendant in that action (who is the plain* tiff in this,) the writ was quashed for defects upon its face; and there was no judgment for a return of the property: and the only question in the case arises from the refusal of the Court to permit the plaintiff in the present action to prove the value of the negroes which were the subject of the action of replevin; and from an instruction given, on motion of the defendant, that the jury had no right to take into consideration the value of the slaves.
In consequence of these two opinions of the Court, which are in effect the same, a verdict and judgment were rendered for the plaintiff for one cent in damages, and the costs and his motion for a new trial, on the ground that the Court erred, and that the verdict was *210 against law and evidence, having been overruled, he prosecutes a writ error in this Court, for the reversal of the judgment.
It is contended for the'plaintiff in error, that in all these opinions, the Circuit Court erred: that notwithstanding there was no judgment in the action of replevin for the return of the property, he had a right in this action on the bond, to recover its value, and that, in the absence of all other evidence, the value as stated in the bond was sufficient proof, and the jury should have found that sum in damages. In supportof this argument, the decision of this Court in the case of Roman &c. vs. Shelton (2 Bibb 199) is relied on, as being fully in point. We are of opinion, however, that, although in several respects, that case is precisely analagous to this, the analogy fails in one very imp'drtant ^particular, which, as we think, is decisive of the immediate question under consideration. For if it be conceded, as seems to have been decided in that case, that the value of the property could be recovered in an action upon this bond, although there had been no judgment for a return of it, upon the quashal of the writ of replevin; it is perfectly obvious that, the value can be recovered only as damages consequent upon the failure to restore the property itself. And the case referred to does not decide that, such damages can be recovered when there is no averment in the declaration, that the obligor had not in fact restored the property. There is no such averment in this declaration; and waiving all other questions, it seems to us, that this omission alone presents an insuperable obstacle to the recovery of damages for a failure to return the negroes.
The several opinions of the Circuit Court excepted to by the plaintiff, having been in Conformity with the opinion now expressed, we perceive no error in the record to his prejudice: and therefore the judgment is affirmed;